UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-385 |
| | § | |
| REAL PROPERTY AND IMPROVEMENTS LOCATED AT 121 E FULTON MATHIS, TEXAS 78368, AND 303 BEE STREET MATHIS, TEXAS 78368, *et al*. | § § § § § § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Ricardo Guerrero's Motion to Set Aside Default Judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. (D.E. 23). For the reasons stated herein, the undersigned recommends this Motion be **DENIED**.

The United States filed a Verified Complaint for Civil Forfeiture In Rem on November 27, 2013, seeking to forfeit the real property and all improvements located at 121 E. Fulton, Mathis, Texas 78368 and 303 Bee Street, Mathis, Texas 78368. (D.E. 1). The United States filed a Notice of Related Case on December 4, 2013, informing the Court that the civil forfeiture case was related to a pending criminal case styled *United States of America v. Ricardo Guerrero, et al.*, Criminal No. C-13-844-S in the United

States District Court for the Southern District of Texas, Corpus Christi Division. (D.E. 3).[1]

Mr. Guerrero confirms he was served with notice of the Government's complaint for forfeiture through his court appointed attorney in his criminal case on December 5, 2013. (D.E. 23 and D.E. 24, Page 20). Mr. Guerrero states he is the owner of the Defendant Property[2] and did not answer the complaint because of mistake, inadvertence, and/or excusable neglect and seeks to have the agreed final judgment of forfeiture set aside pursuant to Federal Rule of Civil Procedure Rule 60(b)(1). However, Mr. Guerrero does not give any factual basis or details as to why he did not file his answer in a timely manner. Mr. Guerrero filed the pending motion on March 14, 2014, over two months past the January 7, 2014, deadline to file a claim under Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions without any explanation. By failing to provide any facts, explanation or evidence in support of his motion, Mr. Guerrero has not met his burden. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)(The burden of establishing excusable neglect is upon the movant, even one proceeding *pro se*).

---

[1] Mr. Guerrero was convicted of drug trafficking and money laundering conspiracies and being a felon in possession of a firearm on March 18, 2014, after a jury trial. Additionally, the jury returned a special verdict for forfeiture finding several real properties were used, or intended to be used, to commit or to facilitate the commission of drug trafficking. (Case No. 2:13-cr-844, D.E. 503). Several of the properties were also located in Mathis, Texas.

[2] Roger Bellows, the record title owner of the property, and his spouse, Suzette Bellows, filed an answer stating they "disavow owning any legal or equitable interest in the Defendant Property." (D.E. 14).

Therefore, the undersigned **recommends** the Motion to Set Aside Default Judgment be **DENIED**. (D.E. 23).

Respectfully submitted this 10th day of April, 2014.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).